# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LADON SMITH,

           Petitioner,      :      Case No. 1:17-cv-570

- vs -                            District Judge Michael R. Barrett
                                    Magistrate Judge Michael R. Merz

WARDEN,
  Chillicothe Correctional Institution

                                     :

           Respondent.

# REPORT AND RECOMMENDATIONS ON MOTION FOR SANCTIONS

This habeas corpus case is before the Court on Petitioner's Motion for Sanctions under Fed. R. Civ. P. 11 (ECF No. 8). The Magistrate Judge reference in the case was transferred to the undersigned to help balance the Magistrate Judge workload in the Western Division (ECF No. 11).

Although a Rule 11 motion is not among those motions listed as dispositive in 28 U.S.C. § 636(b)(1)(a), the Sixth Circuit has held it is functionally equivalent and therefore requires a recommendation from a Magistrate Judge to whom it is referred. *Bennet v. General Caster Service of N. Gordon Co., Inc.*, 976 F.2d 995 (6th Cir. 1992).

Fed. R. Civ. P. 11(b) provides

> (b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

1

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Petitioner relies on subsection three and asserts that Respondent has acted in bad faith and committed fraud on the Court by "still insist[ing] upon making the argument that the Petitioner committed the criminal offense of felonious assault [as] oppose[d] to that of a[n] attempted felonious assault." (Motion, ECF No. 8, PageID 680).

The State Court Record (ECF No. 6) includes the jury's verdict on Count 1, the felonious assault conviction on which Petitioner is in custody. *Id.* at PageID 39. It was on this verdict that Judge Charles J. Kubicki, Jr. imposed the sentence that Petitioner is serving. *Id.* at PageID 40. The Court of Appeals acknowledged that Smith's defense was that he had fired shots at the victim's car and not at the victim himself. *State v. Smith*, 1st Dist. Hamilton No. C-150691 (Nov. 30, 2016) (unreported; copy at State Court Record ECF No. 6, PageID 85-89). But it also noted that the jury convicted Smith of felonious assault on the victim. *Id.* at PageID 85.

In filing the Answer in this case, neither the Respondent, who is Smith's custodian, nor the Assistant Attorney General, who represents the Respondent, is making a factual assertion that Smith shot at Walker. Rather, their assertions to this Court are that the Warden of the Chillicothe

2

Correctional Institution has custody of Petitioner and therefore is the proper Respondent in this case, and that the custody is based on the referenced conviction. Those assertions are not fraudulent. They do not violate Fed. R. Civ. P. 11 because, as Respondent has proved, they are true: Petitioner has a conviction for felonious assault.

The Motion for Sanctions is therefore without merit and should be denied.

July 9, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).