**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

LADON SMITH,

                Petitioner,     :     Case No. 1:17-cv-570

  - vs -                                District Judge Michael R. Barrett
                                       Magistrate Judge Michael R. Merz

WARDEN,
  Chillicothe Correctional Institution

                                   :

                Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 was brought *pro se* by Petitioner Ladon Smith to obtain relief from his conviction in the Hamilton County Court of Common Pleas on a charge of felonious assault with a firearm specification (Petition, ECF No. 1, PageID 1, ¶¶ 1, 5). On Order of Magistrate Judge Stephanie Bowman (ECF No. 3), the Respondent has filed the State Court Record (ECF No. 6) and a Return of Writ (ECF No. 7). Petitioner has filed his Reply (ECF No. 10), rendering the case ripe for decision.

On July 9, 2018, the reference in the case was transferred to the undersigned to help balance the Magistrate Judge workload in the Western Division (ECF No. 11). The case remains assigned to District Judge Barrett for final decision.

**Procedural History**

A Hamilton County grand jury indicted Petitioner in June 2015 on two counts of felonious assault, each with a firearm specification. A trial jury found him guilty on one count with the specification and not guilty on the other. He was sentenced to a nine-year term of incarceration, including the mandatory three years on the firearm specification. Smith appealed to the First District Court of Appeals, which affirmed the conviction and sentence. *State v. Ladon Smith*, Case No. C-150691 (1st Dist. Nov. 30,. 2016)(unreported; copy at State Court Record, ECF No. 6, PageID 85 *et seq.*). On June 21, 2018, the Supreme Court of Ohio declined appellate jurisdiction. (Entry, State Court Record, ECF No. 6, PageID 116). Smith then filed his Petition in this Court, pleading the following five Grounds for Relief:

> **Ground One:** The trial court erred by permitting the State to introduce Appellant's jail calls in violation of his 6th and 14th Amendment right under the United States Constitution and Ohio Evid. R. 401/403(A).
>
> **Ground Two:** The trial court erred by overruling Appellant's motion for mistrial in violation of the 6th and 14th Amendment rights to the United States Constitution and Ohio law.
>
> **Ground Three:** The court erred as a matter of law by including a flight instruction in the jury instructions to the jury in violation of the 6th and 14th Amendment right[s] to the United States Constitution.
>
> **Ground Four**: The trial court erred by giving a Howard charge to the jury after only several hours of deliberation in violation of the 6th and 14th Amendment right[s] under the United States Constitution.
>
> **Ground Five:** The evidence was insufficient to sustain a conviction in violation of the 6th and 14th Amendment rights to the United States and Ohio Constitutions.

(Petition, ECF No. 1, PageID 17).

# Analysis

**Ground One: Admission of Jail Calls**

In his First Ground for Relief, Petitioner asserts admission in evidence of the content of his telephone calls from jail violated his Sixth and Fourteenth Amendment rights as well as Ohio R. Evid. 401 and 403 (Petition, ECF No. 1, PageID 17).

Respondent asserts that Ground One, to the extent it raises a claim under the Ohio Rules of Evidence, is not cognizable in federal habeas corpus because the habeas remedy is limited to constitutional violation (Return of Writ, ECF No. 7, PageID 658); *see also* 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983).

The distinction made by Respondent is important. This court does not sit to hear appeals from state court criminal decisions. We are not authorized to say whether the First District was wrong as a matter of Ohio evidence law in upholding the admission of the calls and grant relief on that basis.

Habeas relief, however, may be available where a violation of state law "amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution." *Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008), *cert denied*, 129 S. Ct. 1991 (2009). "State law errors may warrant habeas relief if the errors 'rise for some other

reason to the level of a denial of rights protected by the United States Constitution.'" *Hoffner v. Bradshaw*, 622 F.3d 487, 495 (2010), *quoting Barclay v. Florida*, 463 U.S. at 957-58.

Evidentiary questions generally do not rise to the constitutional level unless the error was so prejudicial as to deprive a defendant of a fair trial. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988); *Walker v. Engle,* 703 F.2d 959, 962 (6th Cir. 1983); *Bell v. Arn,* 536 F.2d 123 (6th Cir., 1976); *Burks v. Egeler*, 512 F.2d 221, 223 (6th Cir. 1975). Where an evidentiary error is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief. *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir. 2007); *Bugh v. Mitchell,* 329 F.3d 496 (6th Cir. 2003), *citing Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2000).

"Nonetheless, 'courts have defined the category of infractions that violate "fundamental fairness" very narrowly.'" *Bugh, quoting Dowling v. United States*, 493 U.S. 342, 352 (1990); *Wright v. Dallman*, 999 F.2d 174, 178 (6th Cir. 1993)). "Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000), *quoting Montana v. Egelhoff*, 518 U.S. 37, 43 (1996). The Supreme Court has defined very narrowly the category of infractions that violate fundamental fairness. *Bey v. Bagley*, 500 F.3d 514 (6th Cir. 2007), *citing Dowling*, 493 U.S. at 352 (1990) (Identification from a trial which resulted in an acquittal could be introduced at second trial for similarities.) "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell,* 329 F.3d at 512 (noting that the Supreme Court refused to reach the issue in *Estelle v. McGuire*. 502 U.S. 62 (1991)).

The First District found no error in admission of the calls because they were relevant for two

4

purposes, as evidence of attempted witness intimidation and for proof of identity. Smith argues in his Traverse that, whatever was his intention with the calls, the witnesses did in fact show up. But the fact that an attempt to dissuade witnesses was not successful does not mean it was not evidence of guilt. And the calls were in fact good proof of identity, which had not been admitted by Smith at the time the recordings were played.

Smith's admission on one of the calls that he had a pending domestic violence case was in fact "other bad acts" evidence. But, as held in *Bugh, supra*, admission of other bad acts evidence does not rise to the level of a constitutional violation.

Because admission of the calls did not violate the Ohio Rules of Evidence as held by the First District, *a fortiori* there was no such violation to "rise to the level of a constitutional violation." Ground One is not cognizable to the extent it raises a state evidence law question and is without merit to the extent it claims a state evidence law violation rose to a constitutional level.

**Ground Two: Failure to Declare a Mistrial**

In his Second Ground for Relief, Smith claims error in the trial court's refusal to declare a mistrial after the domestic violence charge was mentioned. Respondent argues that this claim, like the one made in Ground One, is not cognizable in habeas corpus.

Petitioner did not fairly present this claim to the state court as a federal constitutional claim. Smith's Second Assignment of Error merely claimed the trial court had erred and only cited state law (See Appellant's Brief, State Court Record, ECF No. 6, PageID 45). Because the claim was not fairly presented as a federal constitutional claim, it was procedurally defaulted and cannot be raised here. To preserve a federal constitutional claim for presentation in habeas corpus, the claim

5

must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

"Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2004); accord, *Jacobs v. Mohr*, 265 F.3d 407, 415 (6th Cir. 2001); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 674, 681 (6th Cir. 2000); *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004).

Also as with the First Ground, this Court cannot review the First District's decision on the mistrial motion to the extent it raises state law questions.

Failure to declare a mistrial could raise a constitutional question if the grounds for the mistrial were sufficiently grave that failure to declare a mistrial would deny a defendant a fair trial altogether. But for the reasons given as to Ground One, that is not the case. The mention of the domestic violence charge was minimal and the jury was instructed to ignore it. Petitioner is skeptical that this jury could actually do that, but juries are presumed to follow instructions. If the courts did not indulge that presumption, it would create too great an incentive to mention something inadmissible to provoke a mistrial when the case is not going well.

Minimal mention of the domestic violence charge did not deprive Petitioner of a fair trial. The trial court was therefore not under a duty to declare a mistrial. *Renico v. Lett*, 559 U.S. 766

(2010), *citing Wade v. Hunter*, 336 U.S. 684 (1949). The decision whether to grant a mistrial is reserved to the broad discretion of the trial judge. *Id.*, *citing Illinois v. Somerville*, 410 U.S. 458, 462 (1973); *Gori v. United States,* 367 U.S. 364 (1961).

**Ground Three: Erroneous Flight Instruction**

In his Third Ground for Relief, Petitioner asserts he was denied a fair trial because the judge gave the jury an instruction on the inference of consciousness of guilt which may be drawn from the flight of a defendant from the scene of the crime.

As with Ground Two, Smith presented this claim to the First District solely as a state law matter. Appellant's Brief does not mention any constitutional issue and cites only Ohio precedent (State Court Record, ECF No. 6, PageID 46). The First District's decision on the issue follows:

> In his third assignment of error, Mr. Smith contends that the trial court erred when it gave the jury an instruction on flight. The court instructed the jury as follows:
>
> > **Flight.** Testimony has been admitted indicating that the defendant fled the scene. You are instructed that fleeing alone does not raise a presumption of guilt, but it may tend to indicate the defendant's consciousness of guilt.
>
> Mr. Smith argues that there was not sufficient evidence to warrant the instruction. But "an instruction on flight as it relates to a defendant's consciousness of guilt is proper if there is sufficient evidence of escape or some affirmative attempt to avoid apprehension." *State v. Wood*, 1st Dist. Hamilton Nos. C-130413 and C-130414, 2014-Ohio-3892, ¶¶ 11 60 (Sept. 10, 2014). Here, the evidence that Smith left the scene while Walker and Evans were calling 911 and before police officers arrived was sufficient to warrant the instruction. See *State v. Hill*, 8th Dist. Cuyahoga No. 98366, 2013-Ohio-578 (Feb. 21, 2013). How much weight should be given Smith's departure from the scene was for the jury to decide. The trial court did not abuse its discretion when it gave the instruction. The third assignment of error is overruled.

*State v. Ladon Smith supra* (State Court Record, ECF No. 6, PageID 87-88). Smith does not complain of the content of the instruction, but asserts there was insufficient evidence to justify giving it. He argues that Ms. Evans, one of the victims[1], told Walker, the other victim, to remain in the bar to which they had fled because Smith was waiting for them outside. Assuming the truth of that testimony, it does not negate the evidence relied on by the First District that Smith had left the scene of the crime before police arrived. Smith has not demonstrated error in the First District's decision as a matter of Ohio law.

Further, even if the First District were in error under Ohio law, that would not rise to the level of a constitutional violation. In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous, or universally condemned; taken as a whole they must be so infirm that they rendered the entire trial fundamentally unfair. *Waddinngton v. Sarausad,* 555 U.S. 179, 192-94 (2009); *Henderson v. Kibbe,* 431 U.S. 145 (1977). The only question for a habeas court to consider is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62 (1991), *quoting Cupp v. Naughten*, 414 U.S. 141 (1973). The category of infractions that violate fundamental fairness is very narrow. *Levingston v. Warden*, 891 F.3d 251 (6th Cir. 2018); *Byrd v. Collins*, 209 F.3d 486 (6th Cir. 2000), *citing Dowling v. United States*, 493 U.S. 342, 352 (1990).

Ground Three is procedurally defaulted for want of fair presentation as a federal claim and also without merit.

**Ground Four:     Premature *Howard* Charge**

---

[1] Smith was indicted for felonious assault on Evans as well, but acquitted by the jury.

In his Fourth Ground for Relief, Petitioner claims the trial court committed constitutional error by giving a jury instruction under *State v. Howard*, 42 Ohio St. 3d 18 (1989), after the jury had been deliberating for only several hours.

As with Grounds Two and Three, this claim was not fairly presented to the First District as a federal constitutional claim. There is no mention of constitutional right in the Fourth Assignment of Error and only state precedent is cited. The First District decided this assignment of error as follows:

> Smith's fourth assignment of error is that the trial court erred when it gave a *Howard* instruction to the jury. A few hours after beginning deliberations, the jury announced to the court that it was deadlocked. After receiving no objection from either the state or the defendant, the court encouraged the jury, pursuant to *State v. Howard*, 42 Ohio St.3d 18, 537 N.E.2d 188 (1989), to continue its deliberations to reach a verdict. Because Smith did not object to the *Howard* charge, he has forfeited all but plain error. See Crim.[ ]R. 52(B). Given the apparently short amount of time the jury had deliberated before it announced it was deadlocked, we conclude that the court did not commit plain error when it gave the *Howard* instruction. The fourth assignment of error is overruled.

*State v. Ladon Smith, supra*. (State Court Record, ECF No. 6, PageID 88).

This Ground for Relief is separately procedurally defaulted by trial counsel's failure to object. Ohio's contemporaneous objection rule — that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected, *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998) — is an adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012), *citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007);

9

*Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). See also *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 562 U.S. 876 (2010).

An Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d at 337 ; *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d at 387; *Hinkle,* 271 F.3d at 244, *citing Seymour*, 224 F.3d at 557 (plain error review does not constitute a waiver of procedural default); *accord, Mason ,* 320 F.3d 604.

As with the flight instruction in Ground Three, Petitioner does not complain of the content of the *Howard* charge, but rather of its timing. He points to no United States Supreme Court authority holding that a charge designed to encourage a jury to work through a deadlock violates a defendant's right to a fair trial.

Ground Four is procedurally defaulted in two ways and is also without merit.

**Ground Five: Insufficient Evidence**

In his Fifth Ground for Relief, Petitioner asserts his conviction is supported by insufficient evidence. In overruling this claim when it was presented as the Fifth Assignment of Error, the First District wrote:

> In the fifth assignment of error, Mr. Smith argues that his conviction
> was not supported by sufficient evidence and that it was against the

> weight of the evidence. We disagree. In essence, he argues the evidence shows only that he was shooting at the car, not Walker. But both Mr. Walker and his girlfriend testified that Smith had shot at Walker. And Mr. Smith himself admitted to firing shots. We conclude that the state adduced substantial, credible evidence from which the jury could reasonably have concluded that the state proved beyond a reasonable doubt the elements of felonious assault. See *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. And in regard to the manifest-weight argument, our review of the entire record fails to persuade us that the jury clearly lost its way and created such a manifest miscarriage of justice that we must-reverse Smith's conviction and order a new trial. See *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997). It was for the jury to determine which version of the incident was credible. The fifth assignment of error is overruled.

*State v. Ladon Smith, supra* (State Court Record, ECF No. 6, PageID 88).

The Fifth Assignment of Error presented both the federal constitutional claim of insufficient evidence and the state law claim of manifest weight of the evidence. Although Appellant's Brief cited only *Jenks*, 61 Ohio St. 3d 259 , the leading cited case, recognizes and enforces the federal rule laid down in *Jackson v. Virginia*, 443 U.S. 307 (1979): criminal guilt must be proven by proof beyond a reasonable doubt. Thus, the First District did decide the Fourteenth Amendment question presented by the Fifth Ground for Relief.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 99 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson,* 443

U.S. 307 ; *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990) (*en banc*). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson*, 443 U.S. at 319; *U.S. v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, No. 3:03-po-002, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio Oct. 12, 2007) (Rice, J.). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.* A sufficiency challenge should be assessed against the elements of the crime, not against the elements set forth in an erroneous jury instruction. *Musacchio v. United States*, 577 U.S. ----, 136 S. Ct. 709, 193 L. Ed. 2d 639 (2016).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) (the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

> See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011) (*en banc*); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, 2 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012) (*per curiam*); *accord Parker v. Matthews*, 567

U.S. 37, 43 (2012) (*per curiam*).

Petitioner makes his most lengthy argument in support of this Ground for Relief (Traverse, ECF No. 10, PageID 701-06). He begins by conceding that "it is within the jury's province to listen to the witnesses and to determine credibility." *Id.* at PageID 701. He asserts, however, that the jury did not do that, but engaged in jury nullification. *Id.* The simple determinative fact is that two eyewitness, Evans and Walker, testified that Smith shot at Walker. Smith says the jury should not have believed that testimony but should have believed his testimony that he was only shooting at Walker's car and he was "merely trying to scare the shit our of the victim. and that's all." *Id.* at PageID 704. The bottom line is that questions of credibility are for the jury. The jury decided to believe the competent eyewitness testimony of the two victims, as opposed to Smith. The Fifth Ground is therefore without merit.

**Failure to Give Instruction on Lesser Included Offense**

Petitioner asserts that the

> [B]est demonstration of how the Petitioner's constitutional rights were violated by both the trial court and defense counsel would be that the trial court failed to give the jury instructions on aggravated assault, which is a lesser degree of felonious assault when the evidence required the instruction, and (2) defense counsel failed to request the instruction from the court to be given.

(Traverse, ECF No. 10, PageID 705).

This is an entirely new claim, not made in the trial court, the First District, or in the Petition. It is not the same as a claim that the verdict was supported by insufficient evidence. A habeas petitioner cannot effectively amend his petition by adding a claim at the traverse or reply stage.

14

Rather, amendment requires a motion and an opportunity for the State to respond. Moreover, this claim is procedurally defaulted because trial counsel did not request a lesser included instruction. Petitioner asserts this was ineffective assistance of trial counsel, but ineffective assistance can only be used to excuse a procedural default when the attorney deficiency claim has itself been presented to the state courts, which was not done here. *Edwards v. Carpenter*, 529 U.S. 446 (2000)

**Issue for Review Number Six: Improper Sentencing**

In his Traverse, Smith raises a sixth claim that his sentence was improper (Traverse, ECF No. 10, PageID 706-08). This claim is also entirely new in that it was not pleaded in the Petition (See ECF No. 1, PageID 17). It is argued in the Traverse purely as a matter of state law and therefore is not the basis for habeas corpus relief which is limited, as noted above, to constitutional violations. A claim cannot be added to a habeas corpus case by pleading it for the first time in a traverse, where no permission to amend has been granted and the State has not had an opportunity to respond.

Embedded in this sixth issue is another entirely new claim, to wit, that Smith received ineffective assistance of trial counsel when his attorney persuaded him to go to trial rather than accept a proposed sentence of four years. This claim also was never presented to the state courts and is procedurally defaulted.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the

Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 13, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).