UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Ladon Smith, | ) |
| Petitioner, | ) Case No. 1:17-cv-00570 |
| vs. | ) Judge Michael R. Barrett |
| Warden, Chillicothe Correctional Institution, | ) |
| Respondent. | ) |

# ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be denied. (Doc. 13).

## I. BACKGROUND

The Magistrate Judge adequately summarized the procedural background and pertinent facts of this case in the R&R and the same will not be repeated herein. The parties received proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, which included notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. (Doc. 13); *see United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Petitioner filed timely objections. (Doc. 14).

## II. STANDARD OF REVIEW

When the assigned district court judge receives objections to a magistrate judge's R&R on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3).

After that review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

III. **ANALYSIS**

As an initial matter, Petitioner does not object to the Magistrate Judge's recommendations regarding Grounds One through Four or Petitioner's argument concerning the propriety of his sentence. (Doc. 14). Accordingly, the Court will not discuss those Grounds or that argument and, instead, will focus on Petitioner's objections to the Magistrate Judge's recommendations regarding Ground Five and Petitioner's argument that the trial court failed to give jury instructions about Ohio Rev. Code § 2903.12 ("Aggravated assault"). (Doc. 14).

   a. **Ground Five**

The Magistrate Judge acknowledged Petitioner's argument that his conviction is supported by insufficient evidence, found that Petitioner's argument is properly before this Court, and explained the standard of review for a federal habeas court reviewing a petitioner's allegation that a verdict was entered upon insufficient evidence and a state court's decision on the merits of that federal constitutional claim. (Doc. 13 at PageID 723-27). The Magistrate Judge emphasized that credibility questions are for the jury and found that, ultimately, the jury in Petitioner's trial found the two victims' testimony more credible than Petitioner's testimony. (*Id.* at PageID 727).

In his objections, Petitioner states that "the Magistrate[']s determination of the evidence . . . would not support [Petitioner's] conviction," "the Magistrate misapplied the law to the facts and evidence adduced at trial," and the "Magistrate erred in his evaluation

2

of the evidence." (*Id.* at PageID 731-32). Petitioner's conclusory statements disagreeing with the Magistrate Judge's report, without more, do nothing to persuade the Court that it should reject the Magistrate Judge's recommendation on this Ground.

Petitioner next asserts that,

> although the jury has the primary duty to detect and disregard any and all false testimony, the trial court and appellate court has the same like duty when reviewing the evidence, and not simply throw such responsibility back at those who don't know the law, no matter how well they've been instructed.

(Doc. 14 at PageID 733). However, "[t]he flaw in Petitioner's argument is that neither the state court of appeals, nor this Court, is permitted by law to second-guess the jury's decision about which witnesses to believe" and "[r]esolving conflicts in the testimony is precisely the jury's role in a case." *Bailey v. Mohr*, No. 2:14-CV-2751, 2016 WL 6822796, at *8 (S.D. Ohio Nov. 18, 2016), *report and recommendation adopted*, No. 2:14-CV-2751, 2016 WL 7243559 (S.D. Ohio Dec. 14, 2016). The Court is not persuaded by Petitioner's belief that juries are largely unable to follow the instructions given to them to make credibility determinations or this specific objection.

Petitioner further objects to the Magistrate Judge's citation to *Stewart v. Wolfenbarger*, 595 F.3d 647, 656 (6th Cir. 2010), for the proposition that "a court may sustain a conviction based upon nothing more than circumstantial evidence." (Doc. 14 at PageID 734). Petitioner is incorrect to the extent that he argues that circumstantial evidence is insufficient to support a conviction. (Doc. 14 at PageID 734). *See United States v. Wettstain*, 618 F.3d 577, 583 (6th Cir.2010) ("[c]ircumstanial evidence alone is sufficient to sustain a conviction"); *United States v. McAuliffe*, 490 F.3d 526, 537 (6th Cir. 2007) ("We afford the same weight to both circumstantial and direct evidence."); *see also Stewart*, 595 F.3d at 656 ("In assessing the proof, a court may sustain a conviction based

3

upon nothing more than circumstantial evidence.") (citing *United States v. Kelley*, 461 F.3d 817, 825 (6th Cir. 2006) ("Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt.")).

   b. **Jury Instructions**

The Magistrate Judge acknowledged Petitioner's argument that the trial court violated his constitutional rights by giving jury instructions on felonious assault, instead of aggravated assault, and his trial attorney violated Petitioner's constitutional rights by failing to request a jury instruction on aggravated assault instead of felonious assault. (Doc. 13 at PageID 727-28). *See* (Doc. 10 at PageID 704-06). *Compare* Ohio Rev. Code § 2903.11 ("Felonious assault"), *with* Ohio Rev. Code. § 2903.12 ("Aggravated assault"). The Magistrate Judge noted that Petitioner did not raise this argument at trial, before Ohio's First District Court of Appeals, or in his petition before this Court and explained that Petitioner cannot amend his petition by adding new arguments at the traverse/reply stage. (Doc. 13 at PageID 728).

In his objections, Petitioner reiterates his argument that the jury should have been instructed on aggravated assault, not felonious assault, based in Petitioner's view of the evidence. (Doc. 14 at PageID 735). Petitioner, though, ignores the Magistrate Judge's explanation that he cannot attempt to amend his habeas petition by raising a new issue in his traverse. The Court agrees with the Magistrate Judge and declines to address Petitioner's asserted ground for relief. *See Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) ("Because the penalty-phase insufficiency argument was first presented in [the

petitioner]'s traverse rather than in his habeas petition, it was not properly before the district court, and the district court did not err in declining to address it.").

IV. **CONCLUSION**

In light of the above, and after a de novo review of the filings in this matter, the Court accepts the Magistrate Judge's recommended decision. *See* FED. R. CIV. P. 72(b)(3). It is hereby **ORDERED** that the R&R (Doc. 13) is **ADOPTED in full** and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED with prejudice**. Moreover, Petitioner is denied a certificate of appealability, because reasonable jurists would not disagree with the Court's conclusion, and Petitioner shall not be granted leave to appeal *in forma pauperis*, as the Court certifies that any appeal would be objectively frivolous.

**IT IS SO ORDERED.**

    _s/ Michael R. Barrett_____
    Michael R. Barrett, Judge
    United States District Court